# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Sasha Alleman, on behalf of
herself and all other similarly
situated persons,

        Plaintiff,

v.

LPS Services, LLC,

        Defendant.

Case No. 2:20-cv-4830

Judge Michael H. Watson

Magistrate Judge Deavers

## ORDER

Sasha Alleman ("Plaintiff") brings this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and analogous state laws against LPS Services, LLC ("Defendant"). See Compl., ECF No. 1. The Complaint asserts a collective action under the FLSA, which has already been conditionally certified, and class action claims under Federal Rule of Civil Procedure 23, which has not yet been certified. *Id.*; *see also* ECF No. 33. The parties have now filed a joint motion for approval of settlement, in which they purport to settle all claims. ECF No. 43.

Parties may not settle FLSA claims without court approval, see *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011), which courts are routinely able to do on a joint motion, like the one the parties filed here. See, e.g., Case No. 20-cv-3062; 20-cv-4232.

Settlements of Rule 23 class claims, however, require a more involved process. See Fed. R. Civ. P. 23(e). This is true even where, as here, the Rule

23 class has not yet been certified. *See Doe v. Lexington-Fayette Urb. Cty. Gov't*, 407 F.3d 755, 764 (6th Cir. 2005) ("Rule 23(e) applies in a precertification context where putative class members are likely to be prejudiced."); *Kutner v. Sprint Commc'ns Co., L.P.*, No. 96-2534 GV, 1997 WL 471502, at *1 (W.D. Tenn. Mar. 20, 1997) ("Despite the fact that the court has not yet certified a class in this action, Rule 23(e) applies to the present situation.").

Perhaps to avoid the procedures required by Rule 23(e), many parties in FLSA cases will settle the FLSA claims and then dismiss, rather than settle, the Rule 23 state-law claims. Here, however, the parties' settlement agreement purports to *settle* all claims, including the Rule 23 claims. *See* Mot. Ex. 1, ECF No. 43-1.

In the interest of judicial economy, the Court wishes to clarify the parties' intent. Therefore, if the parties would prefer to settle only the FLSA claims and dismiss the Rule 23 claims, they are **ORDERED** to submit a revised settlement agreement **WITHIN THIRTY DAYS**. In the alternative, if the parties want to settle all claims and proceed with the Rule 23(e) procedures, including providing notice and holding a fairness hearing before the Court grants final approval, they are **ORDERED** to submit a joint notice outlining the same **WITHIN THIRTY DAYS**.

IT IS SO ORDERED.

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT