UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sasha Alleman, *on behalf of herself and others similarly situated*,

    Plaintiff,

v.

LPS Services, LLC,

    Defendant.

Case No. 2:20-cv-4830

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Sasha Alleman ("Representative Plaintiff") sued LPS Services, LLC ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Representative Plaintiff alleged that Defendant failed to properly pay Representative Plaintiff and similarly situated employees overtime due to unpaid pre-shift work. *Id.* Thirty-four additional plaintiffs have opted-in, but the parties represent that the final class is 313 individuals. Mot. 2, ECF No. 43. The parties have settled Plaintiffs' FLSA claims in mediation, have dismissed the state law claims, and move for approval of their revised settlement agreement. ECF Nos. 43 & 45.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL


2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether Defendant properly paid overtime and whether Defendant improperly required unpaid pre-shift work. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including the remining discovery, dispositive motions, trial, and possible appeals. Further, Plaintiff's counsel was able to assess Defendants' payroll information and evaluate the chances of success.

The parties represent that individual settlement payments reflect approximately 100% of the alleged unpaid overtime damages and 100% of the alleged liquidated damages. Representative Plaintiff will receive a $2,500 service award in addition to his individual payment. Both these payments are reasonable. *See Shane Grp. Inc v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorney's fees in the amount of $33,128.71 represent approximately

one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). Finally, costs to Plaintiffs' counsel of $3,777.11 and a 50/50 split of the settlement administration fee are reasonable.

The parties' joint motion, ECF No. 43, is **GRANTED** and the revised settlement agreement, ECF No. 45, is **APPROVED**. The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

                                          */s/ Michael H. Watson*
                                          **MICHAEL H. WATSON, JUDGE**
                                          **UNITED STATES DISTRICT COURT**